UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Civil Action |
| ) | File No. 2:17-cv-205-RWS |
| v. ) | |
| ) | |
| MARC LOFTON, et al., ) | |
| ) | |
| Defendants. ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

COME NOW the parties in the above-styled civil action and present their Joint Preliminary Report and Discovery Plan as follows:

1. Description of Case:

(a) Describe briefly the nature of this action.

**This is a civil rights case for violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution, the Americans with Disabilities Act, and Georgia law, resulting from an arrest and subsequent prosecution for failure to maintain lane, obstruction of a law enforcement officer and driving under the influence.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

By Plaintiff:

Plaintiff alleges that Defendants violated the First, Fourth, and Fourteenth Amendments, the Americans with Disabilities Act, and Georgia law by illegally seizing her without sufficient legal justification on suspicion of driving while intoxicated. Plaintiff asserts that she was arrested for driving under the influence for taking medications as prescribed by her doctor that did not negatively affect her ability to drive. Plaintiff asserts that Defendant Lofton had a widespread pattern and practice of making arrests without sufficient probable cause for driving under the influence, that he lacked appropriate training for reliably making arrests on the basis of lawfully prescribed medications, and that Defendants Johnston and the City of Statham were aware of and encouraged Defendant Lofton's pattern and practice. Plaintiff's criminal charges were dismissed.

<u>By Defendants:</u>

On October 24, 2015, Statham Police Officer Marc Lofton initiated a traffic stop of plaintiff's vehicle after observing plaintiff fail to maintain her lane of travel. Lofton observed that plaintiff's eyes were bloodshot, and further observed that she was slurring her speech in a manner consistent with being impaired due to being under the influence of an intoxicant. Plaintiff consented to a field sobriety test. Based on Lofton's observations of plaintiff

-3-

**during the field sobriety test, Lofton developed sufficient probable cause to believe that plaintiff was impaired due to being under the influence of an intoxicant, and arrested plaintiff on charges of DUI driving less safe in violation of O.C.G.A. § 40-6-391A2, failure to maintain lane in violation of O.C.G.A. § 40-6-6-48, and obstruction in violation of O.C.G.A. § 16-10-24 for failing to comply with Lofton's lawful orders that she place her hands behind her back for arrest.**

(c) The legal issues to be tried are as follows:

<u>**By Plaintiff:**</u>

1. **Whether Defendants are liable for false arrest and malicious prosecution of Plaintiff under 42 U.S.C. § 1983 and the Fourth Amendment;**

2. **Whether Defendants are liable for violating the Americans with Disabilities Act;**

3. **Whether Defendant Lofton retaliated against Plaintiff for engaging in protected speech activity in violation of 42 U.S.C. § 1983 and the First and Fourth Amendments;**

4. **Whether Defendants are liable for fabricating evidence in support of Plaintiff's criminal prosecution under 42 U.S.C. § 1983 and the Fourteenth Amendment;**

5. **Whether Defendant Lofton is liable for violations of O.C.G.A. §§ 51-7-20 and 51-7-40;**

    6. **Whether Plaintiff is entitled to recover attorney's fees under O.C.G.A. § 13-6-11 and/or 42 U.S.C. § 1988;**

    7. **The amount of damages Plaintiff is entitled to recover from Defendants on each claim.**

**<u>By Defendants:</u>**

    1. **Whether defendants violated plaintiff's rights or breached any duties owed to her under the U.S. Constitution or Georgia law;**

    2. **Whether Officer Lofton is entitled to qualified immunity for plaintiff's federal claims;**

    3. **Whether Officer Lofton is entitled to official immunity for plaintiff's state law claims;**

    4. **Whether Johnston is liable for plaintiff's federal claims under a theory of supervisory liability;**

    5. **Whether Statham had an official policy or custom which was the moving force behind the constitutional violations alleged in the complaint; and**

    6. **Whether plaintiff is entitled to damages, and if so, the extent of such damages.**

(d) The cases listed below (include both style and action number) are:

    (1) Pending Related Cases:

    ***Pickens v. Lofton, et al.* 2:17-cv-156**
    ***Carpenter v. Lofton, et al.*, 2:17-cv-206**
    ***Foster v. Lofton, et al.*, 2:17-cv-278**

    (2) Previously Adjudicated Related Cases:

*State of Georgia v. Mary Williams*, 16-CR-943-M
**Barrow County Superior Court**

2. This case is complex because it possesses one (1) or more of the features listed below (please check):

\_\_\_\_\_ (1) Unusually large number of parties

\_\_\_\_\_ (2) Unusually large number of claims or defenses

\_\_X\_\_ (3) Factual issues are exceptionally complex

\_\_\_\_\_ (4) Greater than normal volume of evidence

\_\_X\_\_ (5) Extended discovery period is needed

\_\_\_\_\_ (6) Problems locating or preserving evidence

\_\_\_\_\_ (7) Pending parallel investigations or action by government

\_\_X\_\_ (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_\_\_\_ (10) Existence of highly technical issues and proof

\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

**Zack Greenamyre**
**Georgia Bar No. 293002**

      **Jeffrey R. Filipovits**
      **Georgia Bar No. 825553**

**Defendant Marc Lofton:**

      **James R. Westbury, Jr.**
      **Georgia Bar No. 749626**

**Defendant City of Statham and Chief Allan Johnston:**

      **Harvey S. Gray**
      **Georgia Bar No. 305838**

4. <u>Jurisdiction:</u>

    Is there any question regarding this court's jurisdiction?

    ____ Yes  _X_  No

    If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. <u>Parties to This Action:</u>

    (a) The following persons are necessary parties who have not been joined:

        **None.**

    (b) The following persons are improperly joined as parties:

        **None.**

    (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: *Daubert* motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**The parties do not object to Initial Disclosures.**

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues to be addressed and the position of each party.

**The parties do not request a scheduling conference.**

10. Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties will need to conduct discovery with respect to all issues raised in the Complaint and defenses raised in the Answer.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Plaintiff's lawsuit is accompanied by two currently-pending lawsuits by individuals who were arrested for DUI by Officer Lofton—*Pickens v. Lofton, et al.*, 2:17-cv-156-RWS and *Carpenter v. Lofton, et al.*, 2:17-cv-206-RWS. Both are pending before this Court, and the plaintiffs and defendants in all cases are represented by the same attorneys.**

**In the interests of efficiency, the parties propose these cases be informally consolidated for the purposes of discovery. While the facts of each individual Plaintiff's arrest differ, there are certain issues that are common between all Plaintiffs.**

**The parties believe they will be able to handle the details of the discovery consolidation through stipulation and agreement. For example, the parties anticipate they will reach an agreement concerning the timing and scope of Defendant Lofton's deposition, and do not believe that three separate depositions will be necessary. Likewise, the parties anticipate that each of Plaintiffs' experts will only need to be deposed once, rather than three separate times. Discovery related to other common issues may likewise be consolidated by agreement of the parties as the cases progress.**

**If at any point in the discovery process the parties reach an impasse, they will report promptly seek guidance from the Court.**

**Because of the overlap in discovery, multiple pending lawsuits, multiple anticipated experts, and the factual complexity of the case the parties anticipate that an eight-month discovery period will be necessary to complete discovery. This request for an eight-month discovery period is made jointly by all parties.**

11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**The parties agree that discovery material (both requests and responses) may be served via electronic means and that neither party requires service via U.S. mail.**

**The parties agree that, for any discovery requests served via electronic means, three days shall be added to time for any necessary response as set forth in Fed. R. Civ. P. 6(d).**

**The parties reserve the right to request that any party producing who has produced discovery responses via electronic means to also supply a physical copy of those responses. The parties agree to comply with any such request for physical production within seven days.**

(b) Is any party seeking discovery electronically stored information?

  __X__ Yes   __ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**At this time, the parties have not formulated any proposed limitations and will seek the court's guidance only if they are unable to reach an agreement during the course of the discovery process.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Electronic information that can be produced in PDF or paper format will be produced either via email, on a disk, or on paper. The parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native format and the original**

**metadata information. Parties agree to provide reasonable notice of the need for an additional production method. The parties have preserved all discoverable electronic matters from spoliation including all electronic communications.**

(3) In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**The parties have come to an agreement in principle regarding the discovery of electronically stored information; therefore, the parties will not require a scheduling conference.**

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 9, 2018 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiffs:**

Counsel (signature):      /s/Jeffrey R. Filipovits
                          /s/Zack Greenamyre

**For Defendant Marc Lofton:**

Counsel (signature):      /s/ James R. Westbury

**For Defendant City of Statham and Chief Johnston:**

Counsel (signature):     /s/ Dianna J. Lee

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

\_\_\_\_\_ A possibility of settlement before discovery.
__X__ A possibility of settlement after discovery.
\_\_\_\_\_ A possibility of settlement, but a conference with the judge is needed.
\_\_\_\_\_ No possibility of settlement.

(c) Counsel \_\_\_\_ do or __X__ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties \_\_\_\_ do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20\_\_\_\_.

(b) The parties __X__ do not consent to having this case tried before a magistrate judge of this court.

This 1st day of February, 2018.

*Attorneys for Plaintiff:*                              *Attorneys for Defendants:*

*/s/ Jeffrey R. Filipovits*                             /s/ Dianna J. Lee_____
Jeffrey R. Filipovits                                   Harvey S. Gray
Georgia Bar No. 825553                                  Georgia Bar No. 305838

-13-

Filipovits Law Firm, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA 30341

*/s/ Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
Mitchell & Shapiro LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
404-812-4747
zack@mitchellshapiro.com

Dianna J. Lee
Georgia Bar No. 163391
**GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com
*Counsel for Defendants City of Statham, Georgia and Allan Johnson*

/s/ James R. Westbury, Jr. _____
James R. Westbury, Jr.
Georgia Bar No. 749626
Matthew H. Bennett
Georgia Bar No. 123408
**Westbury & Bennett, P.C.**
1012 Memorial Drive, Suite 13
Griffin, GA  30223
(678) 688-3554
(678) 688-3526 (Fax)
jrw@westburylaw.net
mbennett@westburylaw.net

*Counsel for Defendant Marc Lofton*

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2018.

_____
THE HONORABLE RICHARD W. STORY
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

## CERTIFICATION OF ELECTRONIC FILING

The undersigned hereby certifies the filing of this Joint Preliminary Report and Discovery Plan upon the parties and all counsel by the Court's Electronic Filing System.

DATED: This 1st day of February, 2018.

>*/s/ Zack Greenamyre*
>Zack Greenamyre
>Georgia Bar No. 293002