IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARY WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:17-CV-00205-RWS |
| MARC LOFTON, individually, | : | |
| STATHAM POLICE CHIEF | : | |
| ALLAN JOHNSTON, individually | : | |
| and in his official capacity, and | : | |
| THE CITY OF STATHAM, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Defendant Allan Johnston's Motion to Dismiss Claims Asserted Against Him in His Official Capacity [8]. After reviewing the record, the Court enters the following Order.

### Background [1]

Plaintiff Mary Williams was arrested on October 24, 2015 by Defendant Officer Marc Lofton ("Officer Lofton") of the City of Statham Police Department. (Compl., Dkt. [1] ¶ 11.) Officer Lofton charged Plaintiff with three offenses: driving under the influence, in violation of O.C.G.A. § 40-6-391; failure to

---

[1] As the case is before the Court on a Motion to Dismiss, the Court accepts as true the facts alleged in the complaint. <u>Cooper v. Pate</u>, 378 U.S. 546, 546 (1964).

maintain lane, in violation of O.C.G.A. § 40-6-48; and obstruction of a law enforcement officer, in violation of O.C.G.A. § 16-10-24. (Id. ¶ 62.) Defendant Allan Johnston ("Chief Johnston"), the Chief of Police for the City of Statham, reviewed, signed off on, and explicitly approved of Plaintiff's arrest. (Id. ¶ 92.) Plaintiff maintains she was only under the influence of doctor-prescribed medications and probable cause did not exist to arrest and charge her. (Id. ¶¶ 11, 14, 132.) Barrow County prosecutors dropped the charges against Plaintiff through a motion to enter *nolle prosequi* on January 13, 2017. (Id. ¶ 66.)

On October 6, 2017, Plaintiff filed this § 1983 action against Officer Lofton in his individual capacity, Chief Johnston in his individual and official capacity, and the City of Statham. Plaintiff claims that by arresting and prosecuting her without probable cause, Defendants violated her First, Fourth, and Fourteenth Amendment rights, the Americans with Disabilities Act, and Georgia law. Chief Johnston subsequently filed a motion to dismiss claims asserted against him in his official capacity pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Discussion

I.  **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Using the framework articulated above, the Court considers Chief Johnston's Motion to Dismiss [8].

## II. Claims Against Chief Johnston in His Official Capacity

Plaintiff has sued Chief Johnston in both his individual and official capacities under 42 U.S.C. § 1983 for unlawful seizure (Count I), false arrest (Count II), and malicious prosecution (Count III). Plaintiff has sued Chief Johnston in his individual capacity for punitive damages (Count IV). As Chief Johnston notes, because Plaintiff has also sued the City of Statham, Georgia, Plaintiff's § 1983 claims against Chief Johnston in his official capacity are redundant. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (holding that suing an officer under § 1983 in his official capacity "is simply another way of pleading an action against an entity of which an officer is an agent.") (internal quotations omitted); Kennedy v. Avondale Estates, Ga., 414 F. Supp. 2d 1184, 1196 (N.D. Ga. 2005) (dismissing claims against defendants in their official capacities, noting that because the plaintiff asserted § 1983 claims against the city directly, plaintiff "essentially named the same defendant multiple times."). In fact, "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against the local government officials, because local government units can be sued directly." Busby, 931 F.2d at 776. Therefore, Plaintiff's claims against Chief Johnston in his

official capacity are **DISMISSED**.

## Conclusion

For the foregoing reasons, Defendant Allan Johnston's Motion to Dismiss [8] is **GRANTED**.

**SO ORDERED**, this 5th day of April, 2018.

_____
**RICHARD W. STORY**
United States District Judge